1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES D. DUNHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> Commissioner of Social ) <br> Security ) <br> ) <br> Defendant. ) <br> ) | No. CIV 04-2872 PHX RCB <br><br> O R D E R |

Currently pending before the Court are Plaintiff's motion for summary judgment (doc. # 10), Defendant's cross-motion for summary judgment (doc. # 15), and Plaintiff's motion to vacate Defendant's response to his motion for summary judgment (doc. # 18).  This order addresses Plaintiff's motion to vacate (doc. # 18), and provides the parties with time for further briefing, if desired, on their underlying motions for summary judgment.

By order entered March 31, 2006, the Court granted Defendant's request for an extension of time, allowing Defendant until Friday, April 7, 2006 within which to respond to Plaintiff's motion.  Order

1  (doc. # 13).  Because Defendant's response (doc. # 14) was not
2  filed until Monday, April 10, 2006, Plaintiff asks the Court to
3  vacate that response, and consider his motion unopposed.  Mot.
4  (doc. # 18).  Defendant contends that the late response should be
5  excused on the basis of "excusable neglect" pursuant to Federal
6  Rule of Civil Procedure 6(b).  Resp. (doc. # 19).  In particular,
7  Defendant's counsel notes that the delay of one judicial day was
8  attributable to a clerical error by his legal assistant, and, in
9  any event, would not prejudice Plaintiff due to the minimal length
10 of the delay.  Resp. (doc. # 19) at 2.

11      The Court construes Defendant's response to Plaintiff's motion
12 to vacate (doc. # 19) as a postdeadline motion for an extension of
13 time pursuant to Rule 6(b)(2), and so construed, grants that motion
14 on the basis of excusable neglect.  Having reviewed Defendant's
15 exhibits, the Court finds that Defendant's conduct was in good
16 faith, that the reason for the delay was not reasonably within
17 Defendant's control, and, in light of the minimal length of the
18 delay, that its potential effect on the judicial proceedings would
19 be slight at best.  See Pioneer Inv. Servs. v. Brunswick Assoc.
20 Ltd. P'ship, 507 U.S. 386-92 (1993).  Moreover, because Defendant's
21 cross-motion for summary judgment (doc. # 15) is properly before
22 the Court, and has not been responded to by Plaintiff, the Court
23 finds that there will be little prejudice to Plaintiff in
24 permitting Defendant's late response to Plaintiff's motion for
25 summary judgment.[1]

---

27  [1] The Court notes that Plaintiff has not asked the Court to
vacate Defendant's cross-motion for summary judgment.  See Mot. (doc.
28 # 18).  In any event, Defendant's motion is timely, and such a

-2-

**IT IS THEREFORE ORDERED** that Plaintiff's motion to vacate (doc. # 18) is DENIED.

IT IS FURTHER ORDERED that Defendant's response to Plaintiff's motion to vacate (doc. # 19) is construed as a postdeadline motion for an extension of time pursuant to Rule 6(b)(2), and so construed, is GRANTED.  The time within which Defendant may respond to Plaintiff's motion for summary judgment is extended, nunc pro tunc, to and including April 10, 2006.

IT IS FURTHER ORDERED allowing Plaintiff, if he desires, until Friday, September 8, 2006 at noon to serve and file a document which would simultaneously serve as his response to Defendant's cross-motion for summary judgment (doc. # 15) and his reply in support of his motion for summary judgment (doc. # 10).

IT IS FURTHER ORDERED allowing Defendant to file a document that would simultaneously serve as her response and reply to the underlying motions for summary judgment (doc. ## 10, 15) within 3 (three) judicial days of any further briefing by Plaintiff contemplated by this order.

IT IS FURTHER ORDERED, to the extent that the parties are at any time satisfied with the briefing on the underlying motions for summary judgment (doc. # 10, 15), the Court is not necessarily inviting, and does not require, any further briefing permitted by

---

request to vacate would be denied on that basis.  See Scheduling Order (doc. # 4) at ¶ 2.  As such, the Court observes that vacating Defendant's response would result in the anomalous situation of the Court having before it two competing and unopposed motions for summary judgment.  Under these circumstances, the Court finds that adjudication of the parties' underlying motions (doc. ## 10, 15) will benefit from denying Plaintiff's motion to vacate (doc. # 18), and permitting further briefing by the parties, if desired, to better develop the issues.

-3-

1 | this order.
2 |     IT IS FURTHER ORDERED directing Defendant's counsel to deliver
3 | a copy of this order to Plaintiff by hand-delivery or facsimile by
4 | Friday, September 1, 2006 at noon.
5 |     DATED this 31st day of August, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to plaintiff, pro se, and counsel of record

-4-