**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES D. DUNHAM, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social )<br>Security )<br>)<br>    Defendant. )<br>_____) | No. CIV 04-2872 PHX RCB<br><br>O R D E R |

On December 13, 2004, Plaintiff Charles D. Dunham filed the above-entitled action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act").  Compl. (doc. # 1).  Currently pending before the Court are Plaintiff's motion for summary judgment (doc. # 10) and Defendant's cross-motion for summary judgment (doc. # 15).  On April 10, 2006, Defendant filed a response in opposition to Plaintiff's motion. Resp. (doc. # 14).  By order entered September 1, 2006, the Court

extended the time for Plaintiff to respond to Defendant's motion until September 8, 2006.  Order (doc. # 20).  The Court has not received a response from Plaintiff to date.  Under Local Rule of Civil Procedure 7.2(i), the Court may deem a party's lack of opposition-- or untimely opposition-- as consent to the granting of a motion, and may grant the motion summarily if it is facially meritorious.  LRCiv 7.2(i); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).  The Court finds the matter suitable for decision without oral argument.  See LRCiv 7.2(f), 56.1(b).  Having carefully considered the arguments raised, the Court now rules.

**I.   BACKGROUND**

On August 31, 1993, Plaintiff filed an application for disability insurance benefits under Title II of the Act, complaining of chronic fatigue syndrome with an onset date of June 10, 1992.  See Admin. R. (doc. ## 3A, 3B) (collectively "Admin. R.") at 113-16.  On January 12, 1996, administrative law judge ("ALJ") Philip E. Moulaison issued a decision finding Plaintiff disabled from June 10, 1992 through August 31, 1994.  Id. at 423-26.  On remand from the Appeals Council, ALJ Moulaison issued a second decision on April 29, 1999 finding Plaintiff disabled from June 10, 1992 through October 7, 1994.  Id. at 482-84.  On July 26, 2002, the Appeals Council again vacated the ALJ's decision and remanded for further proceedings.  Id. at 492-94.

On December 6, 2002, a hearing was held before ALJ Michael D. Tucevich where Dr. Clifford Harris, a non-examining physician

testified as a medical expert.[1]  Id. at 67-111.  Thereafter, on December 26, 2002, ALJ Tucevich issued a decision finding that Plaintiff was not disabled within the meaning of the Act for any period of time, and denying his application for benefits.  Id. at 27-35.  That decision does not discuss any of the medical opinion evidence from Plaintiff's treating physician, Alan Ketover, M.D., which had been cited at the end of ALJ Moulaison's previous decisions that were partially favorable to Plaintiff.  See id. at 27-35, 213-14, 217-91, 428, 486-87.  Instead, ALJ Tucevich's decision indicates that the file "contains reports from 'Other sources' such as . . . homeopaths," on which he accorded little weight on the basis that homeopaths are not "acceptable medical sources."  Admin. R. at 32.  Although no names are mentioned, it is apparent that these statements were made in reference to Dr. Ketover, a licensed physician who subscribes to the medical philosophy of homeopathy.[2]  See id. at 242.

On October 13, 2004, the Appeals Council of the Social Security Administration (the "SSA") issued a decision adopting ALJ Tucevich's findings, except that the Council found Plaintiff capable of performing his past relevant work through December 26, 2002.  Id. at 11-13.  At that point, the decision of the Appeals Council became the final decision of the Commissioner.  See 20 C.F.R. § 404.981; Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.

---

[1] As with his previous hearings, Plaintiff knowingly waived his right to representation at the hearing.  See Admin. R. at 69-70.

[2] At the hearing before ALJ Tucevich, Dr. Harris characterized Plaintiff's treating physicians as "alternative medical-type people," and expressed his view that he "do[es] not think [homeopathy] has any good scientific background."  Admin. R. at 95.

1999). In accordance with 42 U.S.C. § 405(g), Plaintiff sought review in this Court.

## II. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 56

Summary judgment is appropriate "when there is no genuine issue of material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In determining whether to grant summary judgment, a district court must view the underlying facts and the inferences to be drawn from those facts in the light most favorable to the nonmoving party. See Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If a party will bear the burden of proof at trial as to an element essential to its claim, and fails to adduce evidence establishing a genuine issue of material fact with respect to the existence of that element, then summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Not every factual dispute is capable of defeating a properly supported motion for summary judgment. Rather, the party opposing the motion must show that there is a *genuine* issue of *material* fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if the evidence is such that a rational trier of fact could resolve the dispute in favor of the nonmoving party. Id. at 248. A fact is material if determination of the issue might affect the outcome of the case under the governing substantive law. Id. Thus, a party opposing a motion for summary judgment cannot rest upon bare allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. See id. at 250. If the nonmoving party's

evidence is merely colorable or not significantly probative, a court may grant summary judgment. See id. at 249; see also Cal. Architectural Build. Prods., Inc. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987).

Finally, the fact that both parties have moved for summary judgment does not alter these standards. "It is well settled that a court's duty to ascertain whether facts remain in contention is not obviated by cross motions for summary judgment." Eby v. Reb Realty, Inc., 495 F.2d 646, 649 (9th Cir. 1974).

**B. 42 U.S.C. § 405(g)**

The Commissioner's denial of benefits is subject to judicial review pursuant to 42 U.S.C. § 405(g). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003); Tackett, 180 F.3d at 1097; Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). Factual determinations by the Commissioner, acting through an ALJ, must be affirmed if supported by substantial evidence. See Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003); Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a "mere scintilla," but less than a preponderance. Richardson, 402 U.S. at 401 (1971) (internal quotations omitted); Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 720; Sorenson v. Weinberger, 514 F.2d

1112, 1119 n.10 (9th Cir. 1975).

In reviewing the Commissioner's decision, the district court must "consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the district court may not substitute its judgment for that of the Commissioner and must affirm. See McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002); Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 720; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

Finally, "[a] decision of the ALJ will not be reversed for errors that are harmless." Stout v. Comm'r, SSA, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted); accord Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991). Thus, errors that are inconsequential to the ALJ's ultimate determination as to disability are not reversible. Stout, 454 F.3d at 1055. However, the error of silently disregarding testimony about how an impairment limits a claimant's ability to work has never been held harmless. See id. at 1055-56.

**III. DISCUSSION**

A person is considered disabled under the Act when he or she becomes unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). In an administrative proceeding to determine eligibility for

- 6 -

disability insurance benefits, the Commissioner conducts a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 404.1520(b)-(f). If at any of those five steps the Commissioner can find the claimant disabled or not, the inquiry ends. 20 C.F.R. § 404.1520(a).

In this case, Plaintiff was found "not disabled" at the fourth stage of the sequential evaluation process when the Appeals Council determined that Plaintiff retains the residual functional capacity to engage in sedentary work and his past relevant work as a CPA. Admin. R. at 11-13, 30-35; 20 C.F.R. § 404.1520(e). Plaintiff argues that the Appeals Council erred by (1) deciding his case differently than did the previous ALJ decisions of January 12, 1996 and April 29, 1999, (2) not giving any consideration to medical opinion evidence from his treating physician, Dr. Ketover, and (3) inadequately developing the record by failing to admit additional records from, or ordering a consultative examination by, Dr. Ketover. Mot. (doc. # 10) at 7-11. The Court considers each argument in turn.

**A. Nonconformance with Previous ALJ Decisions**

Plaintiff argues that the Commissioner's most recent decision is not supported by substantial evidence, because it is contradicted by the previous ALJ decisions of January 12, 1996 and April 29, 1999 in which he was found disabled for the period from June 10, 1992 to October 7, 1994. Mot. (doc. # 10) at 8. The Commissioner aptly points out that those decisions are no longer binding, as they have been vacated by the Appeals Council. See Mem. in Supp. (doc. # 17) at 4; see also Admin. R. at 492-94; 20

C.F.R. §§ 404.955(c), 404.987(b).  The Court agrees, and will begin its analysis by reviewing the Appeal Council's decision of October 13, 2004 on its own merits, as that decision now reflects the final decision of the Commissioner in this matter.  See 20 C.F.R. § 404.981; Tackett, 180 F.3d at 1097.

**B. Treating Physician's Medical Opinion**

Under the Social Security Regulations (the "Regulations"), evidence of a claimant's impairment may be provided by either an "acceptable medical source" or "other source."  20 C.F.R. §§ 404.1513(a), 404.1513(d).  Only an acceptable medical source can provide medical opinion evidence.  20 C.F.R. § 404.1527(a)(2).  As a general rule, an uncontradicted medical opinion from a claimant's treating source must be accorded controlling weight.  20 C.F.R. § 404.1527(d)(2).  The uncontradicted opinion and ultimate conclusions of a treating source may not be rejected unless the ALJ provides clear and convincing reasons supported by substantial evidence in the record for doing so.  Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  If controverted by other medical evidence, the ALJ may disregard the opinion only by setting forth "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  See 20 C.F.R. § 416.927(f)(2)(ii); Andrews, 53 F.3d at 1043.

As evidence of his impairments in the case at hand, Plaintiff provided the Commission with medical records from his treating physician, Alan Ketover, M.D..  Admin. R. at 213-14, 217-91.  As a licensed physician, Dr. Ketover is an acceptable medical source. See 20 C.F.R. § 404.1513(a)(1).  Plaintiff thus argues that the

-8-

Appeals Council should have either given Dr. Ketover's opinion controlling weight or explained in the decision its reasons for not doing so.  Mot. (doc. # 10) at 8-11.  Plaintiff's point is well taken.  Although ALJ Moulaison had apparently considered Dr. Ketover's opinion in reaching the decisions of January 12, 1996 and April 29, 1999 that were partially favorable to Plaintiff, see Admin. R. at 428, 486-87, the subsequent decision of ALJ Tucevich, on which the Appeals Council relied, made no reference to Dr. Ketover, see id. at 11, 27-35.  Indeed, for all that appears, ALJ Tucevich erroneously treated Dr. Ketover as an "other source," rather than an "acceptable medical source," on the basis that he practices homeopathic medicine.[3]  See Admin. R. at 32.

Defendant claims that (1) the Appeals Council properly disregarded Dr. Ketover's opinion by relying on the opinion of Dr. Harris, a non-treating source who testified as a medical expert at the December 6, 2002 hearing before ALJ Tucevich, and (2) "the Appeals Council gave additional reasons for favoring Dr. Harris' opinion over that of Dr. Ketover."  Mem. in Supp. (doc. # 17) at 5 (citing Admin. R. at 95, 100, 217-91).  These arguments fail for the following reasons.

First, the fact that Dr. Harris' hearing testimony indirectly referred to records, which counsel was later able to identify as

---

[3] Under the Regulations, licensed physicians are "acceptable medical sources."  See 20 C.F.R. § 404.1513(a)(1).  Even "naturopaths" are regarded as "acceptable medical sources" so long as they are also licensed physicians.  See 20 C.F.R. § 404.1513(d)(1).  In any event, the Regulations are silent with respect to "homeopathy," which is the medical philosophy to which Dr. Ketover subscribes.  Because Dr. Ketover is a licensed physician, it seems inescapable that he is an "acceptable medical source."  See id. § 404.1513(a)(1).

"correlat[ing] to the evidence received from Dr. Ketover," see id., is no substitute for the ALJ's discussion of the relevant evidence in his final decision.  Similarly, Dr. Harris' opinion that homeopathic medicine, as practiced by Dr. Ketover, does not have "any good scientific background," Admin. R. at 95, or that Plaintiff's complaints "were not associated with a properly diagnosed medical condition," Mem. in Supp. (doc. # 17) at 5, cannot be assumed to reflect the ALJ's view in the absence of actual findings to that effect.  It is ALJ's responsibility to discuss the relevant evidence, and provide sufficient reasons explaining the weight accorded to that evidence in reaching his final decision on disability.  Neither has happened here, and the Court will not supplant Dr. Harris' hearing testimony and opinions as post hoc rationalizations for the ill-explained decisions of the ALJ and Appeals Council.

Second, the Appeals Council did not provide any explanation for the total lack of discussion of Dr. Ketover's findings. Rather, the Council merely offered their view as to why Dr. Ketover did not need to be contacted again to provide an updated opinion relating to Plaintiff's functional capacity.  Admin. R. at 12. Moreover, the Council adopted all of the ALJ's findings.  Id.  For the reasons explained above, those findings are inadequate and quite possibly premised on the erroneous characterization of Dr. Ketover as an "other source."

As a licensed physician and a treating source, Dr. Ketover was an "acceptable medical source" whose opinion should have been accorded controlling weight.  Neither the ALJ nor the Appeals Council set forth "specific and legitimate reasons" supported by

substantial evidence in the record, let alone clear and convincing reasons, for the failure to discuss Dr. Ketover's opinion. Moreover, in light of ALJ Moulaison's reliance on Dr. Ketover's findings in the previous decisions that were partially favorable to Plaintiff, see Admin. R. at 428, 486-87, the Court cannot find that these errors were harmless. See Stout, 454 F.3d at 1055. The error of silently disregarding lay testimony about how an impairment limits a claimant's ability to work has never been held harmless. See id. at 1055-56. The same should hold true for the error of silently disregarding the medical opinion of a treating source, particularly where previous decisions relying on that opinion reached conclusions favorable to the claimant.

The Court is circumspect in its consideration of the relief to be awarded, and observes that Dr. Ketover had at one time indicated that Plaintiff could return to work as of November 22, 1993-- almost eighteen months after his claimed onset date. See Admin. R. at 217. Accordingly, the Court will remand the case for further findings. The ALJ should consider Dr. Ketover's opinion as "acceptable medical source" evidence from a treating source, and explain his reasons for the weight accorded to that evidence in reaching his final decision. See Baxter, 923 F.2d at 1396; Embrey, 849 at 422; see also Andrews, 53 F.3d at 1043; 20 C.F.R. § 416.927(f)(2)(ii).

**C. Development of the Record**

Plaintiff argues that he was deprived of the right to a full and fair hearing by the ALJ's failure to develop the record. Mot. (doc. # 10) at 8-10. Plaintiff claims that the ALJ should have developed the record by ordering a consultative examination by Dr.

1  Ketover, rather than Dr. Harris, and allowing Plaintiff to submit
2  additional medical records from Dr. Ketover, including invoices,
3  notations, and lab reports. <u>Id.</u> at 9-10.
4      The Ninth Circuit has often repeated its admonishment that
5  "the ALJ has a special duty to fully and fairly develop the record
6  and to assure that a claimant's interests are considered," even
7  when the claimant is represented by counsel. <u>Webb v. Barnhart</u>, 433
8  F.3d 683, 687 (9th Cir. 2003); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144,
9  1150 (9th Cir. 2001); <u>Smolen</u>, 80 F.3d at 1288; <u>Brown v. Heckler</u>,
10 713 F.2d 441, 443 (9th Cir. 1983) (citing <u>Thompson v. Schweiker</u>,
11 665 F.2d 936, 941 (9th Cir. 1982)). Plaintiff in this case was
12 unrepresented. Under the Regulations, a consultative examination
13 is normally required when "[t]here is an indication of a change in
14 [the claimant's] condition that is likely to affect [the
15 claimant's] ability to work, but the current severity of [the
16 claimant's] impairment is not established." <u>See</u> 20 C.F.R. §§
17 404.1519a(b)(5), 416.919a(b)(5). In addition, Plaintiff correctly
18 notes that a claimant's treating source is ordinarily the preferred
19 source for a consultative examination. <u>See</u> Mot. (doc. # 10) at 9
20 (citing 20 C.F.R. § 404.1519h).
21     On remand, the ALJ must consider any medical evidence from Dr.
22 Ketover regarding Plaintiff's physical limitations that was
23 previously excluded. However, without knowing how the record will
24 develop on remand, the Court cannot say with certainty whether the
25 ALJ will be required to order a consultative examination from Dr.
26 Ketover. In any event, if an examination is deemed necessary, the
27 Court would expect the ALJ's decision to fully explain the
28 rationale for the selection of the source for the examination,

consistent with the provisions of 20 C.F.R. §§ 404.1503a, 404.1519, and 404.1519g through 404.1519j.

**IV. CONCLUSION**

In light of the foregoing analysis,

IT IS ORDERED that Plaintiff's motion for summary judgment (doc. # 10) is GRANTED.

IT IS FURTHER ORDERED that Defendant's cross-motion for summary judgment (doc. # 15) is DENIED.

IT IS FURTHER ORDERED remanding to the Commission for further administrative action pursuant to sentence 4 of 42 U.S.C. § 405(g). On remand the Commission shall reevaluate Plaintiff's claim for disability insurance benefits in accordance with this decision and the applicable Ninth Circuit law.

IT IS FINALLY ORDERED directing the Clerk of the Court to enter judgment in favor of Plaintiff and terminate this case.

DATED this 13th day of September, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Plaintiff pro se

- 13 -